# EXHIBIT B

Confidential & Privileged

DIRECTOR COMPENSATION AGREEMENT

This Director Compensation Agreement (this "Agreement") is made and entered into as of the 2nd day of February, 2018, by and between Yueting Jia, the indirect sole shareholder of Founder HoldCo (as defined below) (the "Founder"), and Hong Liu (aka (Henry) Hong Liu, the "Appointee") (separately, a "Party" or collectively, the "Parties"), as a legally bound agreement on the Parties and on their successors, assignees and transferees.

1. FF Top Holding Ltd. ("Founder HoldCo") owns an aggregate amount of 600,000,000 Class B preferred shares of Smart King Limited (the "Company"), which in turn owns 100% of entities including, without limitation, FF Global Holdings Ltd, Faraday & Future, Inc., LeSee entities (in VIE form), City of Sky Limited (d/b/a Faraday) and their successors, assignees and transferees.  The Parties have entered into this Agreement pursuant to which: (i) the Founder will cause Founder HoldCo to appoint the Appointee, and the Appointee accepts such appointment, to serve as a director with all D&O insurance and indemnifications on the board of directors of the Company and (ii) in exchange for the Appointee's service as a director on the board of directors of the Company, the Founder agrees to pay the Appointee a cash amount, or other means of payment as may be mutually agreed by Appointee and the Founder, equal to the cash value of shares equal to, for the only purpose of calculating and computing such cash amount, 1% of the Company's total equity shares pre Series A dilution, namely 10,000,000.00 equity shares representing 1% of the total and all of 1,000,000,000.00 equity shares of the Company pre Series A (the "Shares" or "Stocks") (the "Director Compensation"), upon the reasonably earliest possible and available cash realization of the Shares including the sooner happening of one or more of the following events: (a) a firm commitment underwritten public offering of the Company's stock (a "Qualified IPO"), and the sale of a sufficient number of Founder HoldCo's shares of the Company in or as soon as reasonably practicable following such Qualified IPO for an amount greater than or equal to the Director Compensation; or (b) any transactions including but not limited to, merger, acquisition, sale or disposal of assets other than an IPO, resulting in cash available to Founder HoldCo for the Director Compensation; or (c) a change of control in the Company resulting in cash available to Founder HoldCo for the Director Compensation ("Event" or "Events").   The vesting of the Director Compensation is subject to the same vesting conditions as provided and agreed in the Employment Agreement between the Appointee and the Company dated January 25th, 2018 ("EA").

2. The Founder represents that the Company successfully completed its Series A financing in December 2017. It has been acknowledged by the Parties that the Director Compensation is for a full and accepted consideration upon signing of this Agreement. It is the good faith belief and genuine intention of the Parties that this Agreement is to promote and safeguard the interests of all of the Company's shareholders and stakeholders.

3. This Agreement is effective and binding upon the signing.  The Parties agree that the delivery of the Director Compensation by the Founder to the Appointee shall be in the form of wire transfer of available funds after the conditions in the preceding sentence have been satisfied.  The Founder's performance of its obligations under this Agreement are in all respects subject to the restrictions set

1



Confidential & Privileged

forth in that certain Shareholders Agreement, dated as of November 30, 2017, as amended, by and among the Company, Founder HoldCo, the Founder and Season Smart Limited (the "Agreement"). It is further understood and agreed among the Parties that the demand by the Appointee for the delivery of the Director Compensation shall be contingent upon the satisfaction of the conditions set forth in the preceding paragraph. If the Appointee decides to leave the Company at his own will during his employment term as provided in the EA or his employment at the Company is terminated by the Company during such a term based on the specific cause of a serious breach of fiduciary duties to the Company as a senior executive of the Company after finally adjudicated against the Appointee by a competent court in the United States ("Departure or Termination") (the Appointee will be fully covered by the Company with executive indemnifications to the extent set forth in the Company's standard form of director indemnification agreement), any remaining unvested portion of the Director Compensation at the time when such Departure or Termination effectuates will be automatically forfeited. If the Appointee leaves the Company without such a Departure or Termination, any and all of the remaining unvested portion of the Director Compensation shall become immediately and fully vested to the Appointee as is similarly provided in the EA. Any delay to enforce the terms of this Agreement and any delay to act on a breach of its term by the Appointee does not constitute a waiver of those rights.

4. The terms of this Agreement are confidential between the parties and shall not be disclosed to anyone else except mutually agreed between Founder and Appointee in writing or electronic notice.

5. If any provision of this Agreement is ineffective in whole or in part, the remainder of this Agreement shall remain in effect. This Agreement is binding on all Parties by virtue of the conduct of both parties and in spite of any defect or error in the formality of its execution.

6. The rights, benefits, liabilities and responsibilities contained within the terms of this Agreement are not assignable by any Party with the prior written agreement of the other Party.

7. The Parties agree that this Agreement shall be governed and construed in accordance with the laws of the State of California, and that any dispute arising out of or related to this Agreement shall be resolved exclusively in the state or federal courts located in Los Angeles, California.

8. The Parties hereby agree that the Director Compensation payment provisions in this Agreement shall become fully effective at the sooner of the removal and nonexistent of any current restrictions on the Founder or the Found Holdco to Transfer all or any part of any interest in any Equity Securities, or the happening of any of the Event.

[*The remainder of this page has been intentionally left blank.*]



Confidential & Privileged

IN WITNESS WHEREOF, the undersigned have hereunto caused this Director Compensation Agreement to be executed as of the date first set forth above.

FOUNDER

_____
Yueting Jia

APPOINTEE

_____
Hong Liu (aka (Henry) Hong Liu)

3